UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHAWN W. BROWDY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  2:22-cv-00384-JDL |
| CENTRAL MAINE POWER COMPANY, et al., | ) ) ) ) |
| Defendants. | ) ) |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Shawn W. Browdy, proceeding pro se, commenced this action by filing a Complaint on December 6, 2022, against the Central Maine Power Company ("CMP"), the Maine Public Utility Commission ("MPUC"), David Caron, and Mitchell Tannenbaum (ECF No. 1). Browdy simultaneously filed a Motion for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b), seeking to enjoin the Defendants from trespassing on his property and to prohibit the Defendants from harassing him (ECF No. 3). For the reasons that follow, I deny the motion.

"[A] preliminary injunction may be imposed 'only on notice to the adverse party,' a requirement that . . . include[s] a hearing followed by findings that the party to be favored has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm[,] and can claim the greater hardship in the absence of an order . . . ." *Fryzel v. Mortg. Elec. Reg. Sys., Inc.*, 719 F.3d 40, 44 (1st Cir. 2013) (quoting Fed. R. Civ. P. 65(a)(1)). Absent notice to the adverse party, Rule

1

65(b)(1)(B) provides that a temporary restraining order may be granted "only if . . . the movant[] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required." Here, summonses have been issued to all of the Defendants and Browdy attached a Certificate of Service to the Motion. However, the Defendants have not been served with the Complaint nor have they had an opportunity to respond or to be heard on the motion, and Browdy has not certified in writing why notice to the Defendants should not be required. Thus, I find that Browdy has not satisfied the requirements of either Rule 65(a)(1) or Rule 65(b)(1)(B). In addition, Browdy's submissions do not demonstrate that he will suffer "immediate and irreparable injury, loss, or damage" in the absence of a temporary restraining order. Fed. R. Civ. P. 65(b)(1)(A).

Accordingly, it is **ORDERED** that Browdy's Motion for a Temporary Restraining Order (ECF No. 3) is **DENIED**.

**SO ORDERED.**

**Dated:  December 14, 2022**

                                               /s/ JON D. LEVY
                                  **CHIEF U.S. DISTRICT JUDGE**