UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHAWN W. BROWDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:22-cv-00384-JDL |
| | ) |
| CENTRAL MAINE POWER | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Shawn W. Browdy, proceeding pro se, commenced this action on December 6, 2022, against the Central Maine Power Company ("CMP"), the Maine Public Utilities Commission ("MPUC"), David Caron, and Mitchell Tannenbaum (ECF No. 1). Browdy simultaneously filed a Motion for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b) (ECF No. 3), seeking to enjoin the Defendants from trespassing on his property and to prohibit the Defendants from harassing him. The Court denied this motion on December 14, 2022 (ECF No. 8).

On December 16, 2022, Defendant CMP filed a Motion to Extend Time to File Answer, requesting that the Court extend the deadline to answer Browdy's Complaint to January 17, 2023 (ECF No. 12). Browdy did not file a response or object to the deadline extension. On December 22, 2022, Defendants MPUC, Caron, and Tannenbaum filed a Motion to Dismiss the Complaint for failing to state a claim and for lack of subject-matter jurisdiction (ECF No. 13).

1

On January 18, 2023, Browdy filed a Motion for Default Judgment and a Motion for Summary Judgment against CMP (ECF No. 17). Browdy requests that the Court enter default judgment against CMP because it failed to answer the complaint or otherwise defend the action, as required by Fed. R. Civ. P. 12(a)(1)(A). He also argues that CMP failed to comply with Fed. R. Civ. P. 5(a) and District of Maine Local Rule 4.[1] Browdy also contends that there is no genuine issue as to any material fact and requests that the Court grant summary judgment in his favor pursuant to Fed. R. Civ. P. 56.

CMP filed a Response in Opposition on January 25, 2023, arguing that Browdy's Motion for Summary Judgment is premature and does not comply with District of Maine Local Rule 56(h) (ECF No. 19). CMP also argues that Browdy's Motion for Default Judgment should be denied because no default occurred, and alternatively, that good cause exists for setting any default aside. On February 1, 2023, Browdy filed a second Motion for Summary Judgment against Defendants Caron and Tannenbaum (ECF No. 20).[2] Defendants MPUC, Caron, and Tannenbaum filed a Response in Opposition (ECF No. 22), arguing that Browdy's motion is

---

[1] Contrary to Browdy's assertions regarding service of CMP's Motion to Extend Time to File, CMP took steps to serve Browdy with its motion in compliance with Fed. R. Civ. P. 5(a)(1)(D). Federal Rule of Civil Procedure 5 provides that service on an unrepresented party may be satisfied by, among other means, "mailing it to the person's last known address" or "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer . . . learns that it did not reach the person to be served." Fed. R. Civ. P. 5(b)(C) and (E). Here, CMP first attempted to contact Browdy via phone and email regarding its motion. When CMP realized that Browdy was not registered to receive notifications through the Court's E-filing system, CMP served the motion via U.S. Mail on December 27, 2022.

[2] Browdy's second Motion for Summary Judgment does not directly refer to MPUC, but based on the factual allegations, I construe the motion as filed against Defendants MPUC, Caron, and Tannenbaum collectively.

premature because the Court has not evaluated the complaint's merits and no discovery has been conducted. They also argue that Browdy failed to comply with District of Maine Local Rule 56(h). I first turn to Browdy's Motion for Default Judgment and then address the Motions for Summary Judgment.

Federal Rule of Civil Procedure 55(a) provides that "[t]he clerk has authority to enter default against a party who 'has failed to plead or otherwise defend' in accordance with the Federal Rules of Civil Procedure." *Lucerne Farms v. Baling Techs., Inc.*, 208 F.R.D. 463, 465 (D. Me. 2002) (quoting Fed. R. Civ. P. 55(a)). Under Fed. R. Civ. P. 55(b)(2), a party may request an entry of judgment by default, and the Court may exercise its discretion to determine whether the judgment should be entered. A court cannot issue a judgment by default unless an entry of default has been made. *Niemic v. Maloney*, 409 F. Supp. 2d 32, 37 (D. Mass. 2005). Because no default has been entered in this case, I construe Browdy's Motion as one seeking both an entry of default under Fed. R. Civ. P. 55(a) and a judgment by default under Fed. R. Civ. P. 55(b). *See id.*

"Default judgments entered pursuant to Fed. R. Civ. P. 55 are intended to protect diligent parties whose adversaries are clearly unresponsive." *Id.* (citing *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63 (1st Cir. 2002)). In this case, CMP has been responsive to Browdy's filings and adequately indicated its intent to defend itself against Browdy's claims. CMP's counsel filed an appearance in the matter on December 15, 2022, and requested an extension of time to answer the complaint on December 16, 2022. The Motion to Extend Time to File Answer remains pending on the docket, and CMP filed its Motion to Dismiss on January 17, 2023, the deadline

3

proposed in its request for an extension. CMP has also filed a response (ECF No. 23) to Browdy's Statement of Facts in Support of his Motion for Summary Judgment. Because CMP filed a timely request for a deadline extension and has been actively involved in litigating this matter, no default has occurred, and I decline to grant Browdy's Motion for Default Judgment.

As to Browdy's Motions for Summary Judgment, under District of Maine Local Rule 56(h), absent agreement, a party must file a notice of intent to move for summary judgment and of the need for a pre-filing conference with the Court. Because Browdy did not comply with this requirement, his Motions for Summary Judgment are premature and must be denied.

Accordingly, it is **ORDERED** that CMP's Motion to Extend Time to File Answer to the Complaint (ECF No. 12) is **GRANTED**, and Browdy's Motion for Default Judgment (ECF No. 17) is **DENIED**. Browdy's Motions for Summary Judgment (ECF Nos. 17, 20) are also **DENIED**. It is further **ORDERED** that Browdy shall file a response to the two pending Motions to Dismiss (ECF Nos. 13, 16) no later than twenty-one (21) days from the issuance of this Order.[3]

**SO ORDERED.**

**Dated: March 15, 2023**

                                                            /s/ JON D. LEVY  
                                         **CHIEF U.S. DISTRICT JUDGE**

---

[3] District of Maine Local Rule 7(b) requires a party to file a written objection to an opposing party's pre-trial motion within 21 days, otherwise the party is "deemed to have waived objection."