UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHAWN W. BROWDY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 2:22-cv-00384-JDL |
| | ) |
| CENTRAL MAINE POWER | ) |
| COMPANY et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON MOTIONS TO DISMISS**

In his pro se complaint, Shawn W. Browdy alleges that he witnessed a Central Maine Power Company (CMP) employee trespass on his business property and tamper with his smart electricity meter. Complaint (ECF No. 1) ¶ 11.[1] After Browdy discovered "wires hanging off the side of" his smart meter, he concluded that CMP had hacked the meter to "sabotage" his business by causing multiple damaging power interruptions and to steal data from his electronic devices. *Id.* ¶¶ 9-11, 34. Browdy—a self-described "tech geek"—asserts that CMP's smart meters can "syncopate with ALL electronics devices local to them and can perform a plethora of complex data functions including data transmission disruptions and data mining." *Id.* ¶¶ 13, 17. Based on these allegations, Browdy brings a variety of federal and state claims against CMP and against two Maine Public Utilities Commission (MPUC) employees

---

[1] CMP quite reasonably notes that its terms of service grant it the right to enter a customer's property to maintain its meters and equipment. *See* ECF No. 16 at 6-7; ECF No. 16-3 § 10.4.

1

whom he alleges conspired with CMP to cover up its wrongdoing. *See id.* ¶¶ 4-6, 29-74.[2]

The Defendants have filed motions to dismiss Browdy's complaint for failing to state a claim. *See* ECF Nos. 13, 16. Browdy has filed a combined response in opposition to those motions. *See* ECF No. 30. After considering the parties' arguments, I agree with the Defendants that Browdy's allegations are simply too conclusory and speculative to state a plausible claim for relief. *See Seifer v. Gov't Emps. Ins. Co.*, No. 21-1371, 2022 WL 1538276, at *2 (1st Cir. May 13, 2022) ("[A] motion to dismiss may be granted if the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." (cleaned up)). Indeed, even Browdy acknowledges his allegations are based on a "tidal wave of conclusions" that he made when he saw a CMP employee working on his smart meter; and his allegations that the MPUC employees are involved in a conspiracy with CMP are seemingly based on pure speculation ("Plaintiff had misgivings regarding a possible conflict of interest between the [MPUC] and [CMP]."). Complaint ¶¶ 13, 32.[3]

More fundamentally, the motions to dismiss should be granted under the Court's inherent authority to dismiss frivolous actions alleging fantastic scenarios. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64

---

[2] Browdy lists the MPUC itself as a defendant in the caption of his complaint but only lists the two MPUC employees as defendants in the body of his complaint. Nothing turns on this discrepancy.

[3] The exhibits that Browdy attaches to his complaint and opposition to the motions to dismiss do not change my analysis. For example, his pictures of wires coming out of his smart meter are hardly indicative of nefarious conduct when, by their very nature, all electricity meters have wires coming out of them. *See* ECF Nos. 1-4 to 1-7.

(2d Cir. 2000) (holding that district courts have the inherent authority to dismiss frivolous actions even when the plaintiff has paid the filing fee); *Mallard v. United States District Court*, 490 U.S. 296, 307-08 (1989) ("Section 1915[(e)] . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a case is factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

Browdy's allegations of a hacked all-powerful smart meter, mysterious power interruptions, data being stolen through power lines, and vague conspiracies between the Defendants are precisely the sort of fantastical and incredible allegations that courts routinely dismiss as factually frivolous. *See Nduka v. Williams*, 410 F. Supp 3d 719, 721-22 (E.D. Penn. 2019) (collecting cases and noting that "[f]ederal courts routinely dismiss allegations regarding broad-based conspiracies of computer hacking, surveillance, tracking, and the like, as factually frivolous . . . where these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible."); *Barnes-Velez v. FCC*, No. 6:18-cv-634-Orl-18GJK, 2018 WL 4178196, at *3 (M.D. Fla. May 8, 2018) (rec. dec.) (dismissing as frivolous a plaintiff's complaint alleging that various government agencies installed cameras and listening devices in her cable box), *aff'd*, 2018 WL 4153937 (M.D. Fla. Aug. 30, 2018). To allow this case to proceed any further would be a waste of limited judicial resources. *See Fitzgerald*,

221 F.3d at 364 (noting that the early dismissal of a frivolous action is necessary "to preserve scarce judicial resources").

For the foregoing reasons, I recommend that the Court **GRANT** the Defendants' motions (ECF Nos. 13, 16), **DISMISS** Browdy's complaint, and **DEEM MOOT** all other pending motions.

### NOTICE

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: June 23, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge