## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **SHAWN W. BROWDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **2:22-cv-00384-JDL** |
| | ) | |
| **CENTRAL MAINE POWER** | ) | |
| **COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER ACCEPTING THE RECOMMENDED DECISION OF THE
## MAGISTRATE JUDGE

Plaintiff Shawn W. Browdy, proceeding pro se, commenced this action on December 6, 2022, against the Maine Public Utilities Commission ("PUC"),[1] David Caron, and Mitchell Tannenbaum (ECF No. 1) (collectively, the "State Defendants"), and against the Central Maine Power Company ("CMP"). On December 22, 2022, the State Defendants filed a Motion to Dismiss the Complaint for Failure to State a Claim and for Lack of Subject Matter Jurisdiction (ECF No. 13). CMP filed a Motion to Dismiss for Failure to State a Claim (ECF No. 16) on January 17, 2023. Following the filings of those motions, Browdy filed Motions for Summary Judgment (ECF Nos. 17, 20), which I denied as procedurally deficient (ECF No. 24), and a Motion for Default Judgment (ECF No. 17) against CMP, which I also denied.

---

[1] As noted in a prior filing, *see* ECF No. 12 at 1, n.1, Browdy named the Maine Public Utilities Commission as a Defendant in the caption of his Complaint and in subsequent filings, and a summons was issued (ECF No. 5-1). By omission, the Maine Public Utilities Commission was previously not listed as a party to this action on the docket. The Maine Public Utilities Commission has nonetheless been conducting itself as a party to this action and filing timely responses and motions.

United States Magistrate Judge Karen Frink Wolf filed her Recommended Decision on the motions to dismiss on June 23, 2023 (ECF No. 35), pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2023) and Fed. R. Civ. P. 72(b), recommending that the Court grant the Defendants' motions to dismiss for failure to state a claim, dismiss the action, and deem as moot Browdy's pending discovery motion.  Judge Wolf explained that Browdy's allegations "are too conclusory and speculative to state a plausible claim for relief."  ECF No. 35 at 2.  Magistrate Judge Wolf also recommends that the Court dismiss the action based on its inherent authority to dismiss frivolous actions that "alleg[e] fantastic scenarios,"  ECF No. 35 at 2, observing that Browdy's allegations "are precisely the sort of fantastical and incredible allegations that courts routinely dismiss as factually frivolous."  ECF No. 35 at 3.  The Magistrate Judge provided notice that a party's failure to object would waive the right to *de novo* review and appeal.

Following the issuance of the Recommended Decision, Browdy filed a Motion to Disqualify Judge Wolf (ECF No. 36) from presiding over the action, which was denied (ECF No. 39), and a Request for Judicial Notice (ECF No. 37).  Judge Wolf treated both of these filings as an objection to the Recommended Decision (ECF No. 39).[2]

---

[2]  Browdy requested, and was granted, additional time to respond to the Defendants' motions to dismiss (ECF No. 25) and subsequently filed a response (ECF No. 30) on April 21, 2023.  On July 24, 2023, after the issuance of the Recommended Decision and long after the deadline to file a response to the motions to dismiss had passed, Browdy filed a second response (ECF No. 42), as well as two requests for judicial notice (ECF Nos. 43, 44).  I have considered these untimely filings in opposition to the motions to dismiss and they do not change my conclusion that dismissal of the action is warranted.

Treating Browdy's filings as an objection, I have reviewed and considered the Recommended Decision, together with the entire record, and have made a *de novo* determination of all matters adjudicated by the Magistrate Judge. I concur with the recommendations of the Magistrate Judge for the reasons set forth in her Recommended Decision and determine that no further proceeding is necessary.

Accordingly, it is **ORDERED** that the Recommended Decision (ECF No. 35) of the Magistrate Judge is **ACCEPTED** and Browdy's Objection is **DENIED**. It is further **ORDERED** that the State Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 13) is **GRANTED**, CMP's Motion to Dismiss for Failure to State a Claim (ECF No. 16) is **GRANTED**, and Browdy's Motion for Disclosure and Request for Production of Documents and Things (ECF No. 26) is **DENIED** as moot. The complaint is **DISMISSED**.

The Clerk of Court is hereby directed to add the Maine Public Utilities Commission as a party on the docket.


**SO ORDERED.**

**Dated:  August 15, 2023**

 _____/s/ JON D. LEVY_____
**CHIEF U.S. DISTRICT JUDGE**